UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PEGGY POINDEXTER**               :          **DOCKET NO. 15-cv-1658**

**VERSUS**                         :          **JUDGE MINALDI**

**LOWE'S HOME CENTERS, LLC**       :          **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the Court is a motion to remand filed by Peggy Poindexter (hereinafter "plaintiff") in response to a Notice of Removal filed by the defendant, Lowe's Home Centers L.L.C. ("defendant"). For the reasons set forth below, the plaintiff's motion is hereby **DENIED**.

## BACKGROUND

Plaintiff alleges that she suffered injury as a result of slipping on frozen ground and falling while approaching the entrance of Lowe's on or about January 25, 2014. After the incident, but before filing suit, plaintiff sent a settlement letter to defendant seeking damages of $965,926.00. Doc. 1, att. 2, p. 12. Plaintiff filed suit on January 23, 2015, in state court, seeking damages for injuries related to the incident.

On April 9, 2015, defendant received a second settlement demand of $100,000. On May 7, 2015, twenty-eight days later, defendant filed a notice of removal. On June 3, 2015, plaintiff filed the current motion to remand. Diversity between these parties is not disputed[1] nor is it disputed that amount in controversy exceeds $75,000. Rather plaintiff alleges that defendant has failed to file a timely removal.

---

[1] Plaintiff is a Louisiana citizen, and defendant company is a citizen of North Carolina, where it is also domiciled.

## LAW & ANALYSIS

Any civil action brought in a State court of which the district courts have original jurisdiction may be removed to the proper district court. 28 USC §1441(a) (2013). The removing party bears the burden of showing that federal jurisdiction exists and that removal was procedurally proper. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

Generally, a defendant must file a notice of removal within thirty days from the time the defendant receives an "initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b)(1). This thirty day period, however, "starts to run from defendant's receipt of the initial pleading only when that pleading *affirmatively reveals on its face* that the pleading is seeking damages in excess of the jurisdictional amount of the federal court." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added).

When "the case stated by the initial pleading" does not provide grounds for removal, defendants may remove the action "within 30 days after receipt . . . of an amended pleading, motion, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2013).

Plaintiff argues that defendant knew the amount in controversy was greater than $75,000 at the time the petition was filed. Doc. 4, att. 1, p. 3. Before filing suit, plaintiff sent a settlement demand of $965,926. Plaintiff claims that this letter qualifies as "other paper" under 28 U.S.C. § 1446. Plaintiff claims that if the settlement demand falls under "other paper," defendant could ascertain that the amount in controversy was over $75,000 at the time the suit was filed. Plaintiff continues that, because the defendant could determine that this action was removable, it was required to file for removal within 30 days after receipt of the petition.

Defendant argues that the thirty day clock should not have started at the time plaintiff filed suit but rather at the time of the settlement demand sent after the petition was filed. This demand was received by defendant on April 9, 2015, and the motion for removal was filed twenty-eight days later on May 7, 2015. We agree.

As defendant points out in its opposition to remand, the 5th Circuit has held that "…if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' *after* receiving the initial pleading." *Chapman v. Powermatic, Inc.*, 969 F.2d at 164 (5th Cir. 2002). (emphasis added). Specifically the court stated:

> The second paragraph of §1446(b) applies by its terms only "if the case stated by the initial pleading is not removable...." 28 U.S.C. § 1446(b). More important, the second paragraph of § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an "other paper" from which the defendant may first ascertain that the case is removable. Logic dictates that a defendant can "first" ascertain whether a case is removable from an "other paper" *only after receipt of both the initial pleading and that "other paper"*; and therefore the thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the "other paper" revealing that the case is removable.

*Id*. (emphasis added). It follows that the first indication to defendant that this action was removable was the settlement demand received on April 9, 2015. Defendant then filed a timely removal with this court.

Because the plaintiff's petition does not affirmatively reveal any specific amount of damages on its face, the defendant's receipt of the plaintiff's settlement demand on April 9, 2015, was the first notice of removability. Therefore the Notice of Removal filed on May 7, 2015, fell within the thirty day limit for timely removal pursuant to 28 USC §1446(b)(3) and was timely.

## CONCLUSION

For the reasons stated above, the plaintiffs' motion to remand is hereby **DENIED**.

-4-

THUS DONE this 9th day of July, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE