UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PEGGY POINDEXTER** | : | **DOCKET NO. 2:15CV1658** |
| **VS.** | : | **JUDGE MINALDI** |
| **LOWE'S HOME CENTERS INC.** | : | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the court is a Motion for Summary Judgment (Rec. Doc. 10) filed by Lowe's Home Centers Inc. ("Lowe's"). The plaintiff, Peggy Poindexter, opposed (Rec. Doc. 12) the motion.[1] Lowe's filed a Reply (Rec. Doc. 15).

Facts

On January 24, 2014, the Lake Charles, Louisiana, metropolitan area experienced severe rain and freezing temperatures.[2] Because of the freezing temperatures, ice formed on the ground throughout Lake Charles.[3]

On January 25, 2104, Poindexter went to the Lowe's store on Derek Drive in Lake Charles.[4]

---

[1] The plaintiff filed her opposition without attached a statement of contested facts as required by LR 56.2. The court ordered that the opposition be supplemented to include specific references to affidavit or deposition testimony and to file a statement of contested facts. These were to be filed within ten days of the date of the order. That statement of contested facts was filed on March 4, 2106 (Rec. Doc. 21), however the opposition was not supplemented to include the specific references to affidavit or deposition testimony as ordered by the court.

[2] See plaintiff's deposition, page 40, lines 17-25; page 41, lines 1-11.

[3] Plaintiff's deposition, page 40, lines 21-25; page 41, lines 1-5.

[4] Plaintiff's Complaint, (Rec. Doc. 1) para. 2.

While walking from her car to the store, Poindexter slipped on a patch of ice which she testified that she did not see. Immediately after falling, she testified that she noticed the ice patch was approximately five feet in diameter.[5] Poindexter also further testified that she was aware of the ice accumulation in Lake Charles prior to her fall.[6]

## MOTION FOR SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(C); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party…" *Id.*

---

[5] Plaintiff's deposition, page 47, lines 5-25; page 48, line 1.

[6] *Id.* at page 42, lines 19-25.

This case is governed by the Louisiana Merchant Liability Act, which "places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises." *Jones v. Brookshire Grocery Co.*, 847 So.2d 43, 48 (La.App. 2 Cir.2003). Under the Merchant Liability Act, "[a] merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition," and this duty "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La.Rev.Stat. Ann. § 9:2800.6(A). The Merchant Liability Act further provides:

(B) In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

Id. § 9:2800.6(B). "The burden of proof [under the statute] does not shift to the defendant at any point and failure to prove any one of these elements negates a plaintiff's cause of action." *Melancon v. Popeye's Famous Fried Chicken*, 59 So.3d 513, 515 (La.App. 3 Cir.2011) (citing *White v. Wal–Mart Stores, Inc.*, 699 So.2d 1081 (La.1997)). See *Ferrant v. Lowe's Home Centers, Inc.*,

494 F. App'x 458, 460 (5th Cir. 2012).

Law

For purpose of this summary judgment, it is uncontested that Poindexter fell on a patch of ice. What is disputed is whether or not the ice constituted an unreasonably dangerous condition and whether, under Louisiana law, it was reasonably foreseeable.

It is well settled that a condition which is open and obvious is not unreasonably dangerous, and a merchant has no duty to protect against it. *See Stewart v. Wal Mart Louisiana, LLC*, No. CIV.A. 12 1537, 2013 WL 1838578, at *2 (W.D. La. May 1, 2013); *Taylor v. Wal–Mart Stores, Inc.*, Case No. 05–1346, 2006 WL 1476031, *2 (W.D.La.2006); *Reed v. Home Depot, Inc.,* 37,000 (La.App. 2 Cir. 4/9/03); 843 So.2d 588, 592; *Butler v. Doug's IGA,* 34,232 (La.App. 2 Cir. 12/6/00); 774 So.2d 1067, 1071.

The plaintiff asserts that she slipped on a patch of ice "that had formed in the entrance area to the subject store.[7] This ice patch was located in a walking path created by [d]efendant by moving lawnmowers in such a manner that a walking aisle formed between the mowers and the building of the subject store." (Opposition, p. 1) Poindexter testified that she did not see the ice in her path.[8] She

---

[7] The record establishes that the fall was in the parking lot of the store. The language asserting that she fell in the entrance is unsupported. The court issued an order directing Poindexter to provide specific references to affidavits or deposition testimony to support statements made. This supplemental brief was not timely filed. Therefore, Poindexter has submitted no competent summary judgment evidence in support of her allegations. The only specific references made to deposition testimony referred to excerpts cited by the defendant in the motion for summary judgment. Poindexter cannot carry her burden of proof in the absence of competent summary judgment evidence.

[8] Poindexter depo., p. 45, lines 1-13.

further testified that there had been freezing rain all week, with ice formations and ice on the roads.[9]

The ice was so severe the morning of the accident that Lowe's Manager, Lana Schirmer was forced to take an alternate route to work because I-210 was closed because of the ice.[10] Schirmer testified that when she arrived at Lowe's, she saw sand and slush.[11]

Carlo Deleon, Lowe's Loss Prevention, testified that when he arrived at Lowe's it was apparent that there was ice in the parking lot.[12]

The question in this case is whether the ice in the Lowe's parking lot posed an unreasonable risk of harm. A defendant "generally ha[s] no duty to protect against an open and obvious hazard." *Hutchinson v. Knights of Columbus, Council No. 5747*, 866 So.2d 228, 234 (La.2004). "[T]o be open and obvious, the risk of harm should be apparent to all who encounter the dangerous condition." *Broussard v. State ex rel. Office of State Bldgs.*, 113 So.3d 175, 184 (La.2013); *Morris v. Home Depot, U.S.A., Inc.*, No. CIV.A. 12 1700, 2013 WL 4508175, at *3 (E.D. La. Aug. 22, 2013).

There are few, if any, Louisiana cases addressing ice in parking lots. However, a recent Texas Supreme Court case provides an analysis of this issue. In *Mercer v. Wal Mart Stores Texas, LLC*, No. CIV.A. H 13 0523, 2014 WL 222593, at *3 (S.D. Tex. Jan. 21, 2014), the court reasoned that "naturally occurring ice that accumulates without the assistance or involvement of unnatural contact is not an unreasonably dangerous condition sufficient to support a premises liability claim." *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 414 (Tex.2010); *W. Invs., Inc.*

---

[9] Poindexter depo, p. 40, lines 21-25, pg 41, lines 1-5.

[10] Schirmer depo, p. 6, lines 4-10.

[11] *Id., p. 8, lines 6-9.*

[12] Deleon depo., p. 25, lines 15-20.

*v. Urena*, 162 S.W.3d 547, 550 (Tex.2005). Ice is naturally occurring when meteorological forces cause it to accumulate. *Id.* at 415; *Callahan v. Vitesse Aviation Servs., LLC*, 397 S.W.3d 342, 352 (Tex.App.-Dallas Mar.29, 2013).

Lowe's argues that the ice patch was open and obvious to all. If it was open and obvious, the risk was not unreasonable. *Carroll v. Holt*, 36,615 (La. App. 2d Cir. 12/10/99), 833 So. 2d 1194. It is Poindexter's burden to prove that the ice presented an unreasonable risk of harm. The obviousness of the ice is also significant. *Carroll v. Holt*, 36,615 (La. App. 2 Cir. 12/11/02), 833 So. 2d 1194, 1198. A pedestrian has a duty to see that which should have been seen. She is not required to look for hidden dangers, but she is bound to observe her course to see if her pathway is clear. *Carr v. City of Covington*, 477 So. 2d 1202, 1204 (La. Ct. App. 1985) writ denied, 481 So. 2d 631 (La. 1986).

The record reflects that the ice was readily visible. Thus, had Poindexter been exercising ordinary care when walking through the lot to the store, she could have avoided the ice and subsequent injuries. Poindexter has not proven that an unreasonably dangerous condition caused her fall. Because Poindexter has failed to prove this essential element, all the other facts of this case are immaterial[13] and summary judgment will be granted.

Lake Charles, Louisiana, this ___ day of March, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[13] *Celotex Corp. V. Catrett*, 477 U.S. 317, 317-318 (1986).